# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## EMERGENCY ORDER IN LIGHT OF THE COVID-19 PANDEMIC

### Robert Pitman
### United States District Judge

The current circumstances are extraordinary and unprecedented. As always, though, the Court strives to adjudicate its cases fairly and safely and anticipates that litigants will be flexible, decent, and patient with each other and the Court.

Recognizing the difficulties parties may face trying to litigate during this period of uncertainty, the Court issues the following order to facilitate the timely resolution of civil disputes while the Western District of Texas is closed as described in Chief Judge Orlando L. Garcia's Order on March 20, 2020.[1] As of March 20, 2020, "[a]ll settings in any civil or criminal matter currently scheduled before May 1, 2020, are cancelled."[2] Contemplating that conditions may change or that the closure may extend past May 1, 2020, the Court may amend this Emergency Order.

Unless otherwise ordered by the Court, this Emergency Order in Light of the COVID-19 Pandemic ("Emergency Order") applies to all civil and miscellaneous matters before Judge Pitman. It supplements the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas.

## I. COMMUNICATIONS WITH CHAMBERS

Judge Pitman's chambers is closed, and Judge Pitman and his staff are working remotely. If you have a question or need to communicate with chambers, please contact Judge Pitman's courtroom deputy, Julie Golden, at Julie_Golden@txwd.uscourts.gov. You also may call chambers at 512.391.8824 and leave a message. Although voicemail will be checked regularly, the fastest way to communicate with chambers is to send an email. If you send an email or leave a voicemail, please include your name, your phone number, the case number, and a brief description of your inquiry.

---

[1] *See* Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. filed Mar. 20, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/ORDER-re-Court-Operations-032020.pdf [hereinafter March 20 Order]; Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. filed Mar. 13, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/Order-Re-COVID-19.pdf; *see also* Amended Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. filed Mar. 24, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/Amended%20Order%20Re%20Court%20Operations%20032420.pdf (amending the March 20 Order).

[2] March 20 Order at 1.

## II. EMERGENCY MOTIONS AND PROCEEDINGS

Motions for temporary restraining orders or preliminary injunctions and other emergency applications for relief shall be filed electronically using CM/ECF, if possible. Parties shall immediately provide the Court with courtesy copies of any motion or application seeking emergency relief by sending those documents to courtroom deputy Julie Golden at Julie_Golden@txwd.uscourts.gov. Unless otherwise ordered by the Court, all conferences, hearings, and proceedings will be held by phone or videoconference. Briefing deadlines will be set on a case-by-case basis.

Approximately 24 hours before the scheduled proceeding, the Court will provide the access information for the phone or video conference.

At least 24 hours before the scheduled proceeding, the parties shall file the following documents, as applicable:

1. The names of witnesses who the parties intend to have appear;
2. The exhibits that the parties intend to offer; and
3. A single document detailing any objections the parties have to the admissibility of each exhibit. The parties are encouraged to reach an agreement on the admissibility of all exhibits. If, after conferring in good faith, they cannot reach an agreement, the Court will consider objections.

## III. NON-EMERGENCY PROCEEDINGS

Unless otherwise ordered by the Court, all conferences, hearings, and proceedings will be held by phone or video conference. Approximately 24 hours before the scheduled proceeding, the Court will provide the access information for the phone or video conference.

At least 24 hours before the scheduled proceeding, the parties shall file the following documents, as applicable:

1. The names of witnesses who the parties intend to have appear;
2. The exhibits that the parties intend to offer; and
3. A single document detailing any objections the parties have to the admissibility of each exhibit. The parties are encouraged to reach an agreement on the admissibility of all exhibits. If, after conferring in good faith, they cannot reach an agreement, the Court will consider objections.

## IV. PRO SE LITIGANTS

Pro se parties are encouraged to (1) consent to electronic service via CM/ECF or email or (2) seek the Court's permission to file documents using CM/ECF. During the period of this Order, the Court allows pro se parties to obtain permission to use CM/ECF by sending an email to courtroom deputy Julie Golden at Julie_Golden@txwd.uscourts.gov that includes the following information:

1. A request to file electronically and receive notices electronically; and
2. The email address you want to use for electronic filing and to receive electronic notices.

## V. SCHEDULING, DEADLINES, AND TRIAL DATES

The Court encourages parties to litigate their cases without unnecessary delay. For cases at any stage of litigation, the deadlines set out in the Federal Rules of Civil Procedure, the Local Rules, and the scheduling order for the case, if applicable, continue to govern, except as supplemented by this Emergency Order. **Unless the parties jointly inform the Court otherwise and consistent with the exceptions below, parties are expected to proceed with their case and follow all applicable standard deadlines and rules.**

However, if parties perceive they will encounter difficulties because of the circumstances caused by COVID-19 or if the parties cannot proceed safely, the parties shall follow the procedures set out below based on the stage of litigation.

The Court also encourages all parties to reach agreements about extending answer, response, reply, and discovery deadlines. Consistent with the Local Rules, the Court advises parties to make special efforts to confer with the other parties in the case to determine whether they oppose the relief sought and notify the Court in the certificate of conference whether the relief sought is opposed or unopposed. If a request is agreed or unopposed, the Court typically can rule on those requests quickly. In the absence of an agreement between the parties, the Court will be favorably disposed to requests to extend deadlines.

### A. Cases without Scheduling Orders

For early-stage cases in which no proposed scheduling order has been filed, the parties in those cases are not required to file an agreed proposed scheduling order until May 1, 2020. If the Court previously ordered the parties to submit an agreed proposed scheduling order by a date before May 1, 2020, this Emergency Order supersedes, and the parties are not required to file an agreed proposed scheduling order until May 1, 2020. After the Western District reopens, the Court will schedule initial pretrial conferences.

For early-stage cases in which an agreed proposed scheduling order has been filed, the Court will assume the parties intend to comply with those deadlines. Should the parties anticipate difficulty meeting those deadlines, they shall file an agreed revised proposed scheduling order by **April 8, 2020**. The Court encourages the parties to reach an agreement on all revised deadlines. In the absence of an agreement between the parties on the path forward, the Court will be favorably disposed to requests to revise the agreed proposed scheduling order. Because the Court will not set

trial dates until the Western District reopens, the Court will not enter proposed scheduling orders or revised proposed scheduling orders. Until that time, the Court advises the parties to follow their agreed proposed deadlines.

### B. Cases with Scheduling Orders

For cases with a scheduling order in place, if any party perceives difficulties in meeting the set deadlines because of the circumstances caused by COVID-19, the parties in that case shall confer in good faith and file a revised agreed proposed scheduling order by **April 8, 2020**. Again, the Court encourages the parties to reach an agreement on all proposed modifications to the scheduling order. In the absence of an agreement, the Court will be favorably disposed to requests to revise the scheduling order. Because the Court will not set trial dates until the Western District reopens, the Court will not enter revised proposed scheduling orders. Until that time, the Court advises the parties to follow their agreed proposed deadlines.

### C. Cases Awaiting Trial

For cases set for trial before May 1, 2020, the trial, final pretrial conference, and all pretrial filing deadlines per Local Rule CV-16(e) have been continued and will be reset on the Court's calendar after the Western District reopens. The Court will endeavor to prioritize those cases for resetting while bearing in mind that the parties may need time to (re)prepare for trial after a long period of stagnation. The Court anticipates setting phone conferences in those cases to select new trial dates after the Western District reopens.

For cases that have completed discovery and dispositive motions practice and currently have a trial date set for May 1, 2020 or later, the Court cannot predict with certainty whether appointed trial dates will stand but will attempt to provide guidance to parties and their counsel as more information becomes available. Absent changed circumstances, all trial dates set May 1, 2020 or later will remain on the Court's calendar, but the Court will not yet set final pretrial conferences. As the trial date approaches, the Court may reevaluate the circumstances and set a phone conference with the parties to select a new trial date. If the Western District closure is extended beyond May 1, 2020, then all trials affected by that extension will be continued. The Court would endeavor to prioritize those cases for resetting while bearing in mind that the parties may need time to (re)prepare for trial after a long period of stagnation. The Court anticipates setting phone conferences in those cases to select new trial dates after the Western District reopens.

**SIGNED** on March 25, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE