## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MARK MILLER, SCOTT COPELAND, LAURA PALMER, TOM KLEVEN, ANDY PRIOR, AMERICA'S PARTY OF TEXAS, CONSTITUTION PARTY OF TEXAS, GREEN PARTY OF TEXAS, and LIBERTARIAN PARTY OF TEXAS, *Plaintiffs*, | § § § § § § § § § § § | |
| v. | § § | No. 1:19-cv-00700-RP |
| JOHN B. SCOTT, in his or her official capacity as the Secretary of State of Texas, and JOSE A. "JOE" ESPARZA, in his official capacity as the Deputy Secretary of State of the State of Texas, *Defendants*. | § § § § § § | |

---

### BRIEF IN SUPPORT OF SOS DEFENDANTS' PROPOSED ORDER

---

On October 4, 2022, this Court considered cross motions for summary judgment filed by the Parties. In doing so, the Court granted in part and denied in part Plaintiffs' Motion for Summary Judgment and granted in part and denied in part Defendants' Motion for Summary Judgment (Dkt. 102 at 1). The Court ordered the Parties to meaningfully confer and submit a joint and agreed proposed order on or before October 14, 2022. If the Parties could not come to an agreement on how relief should be fashioned, the Court further ordered them to file briefs on or before October 21, 2022 stating the grounds for each Party's proposed relief. After conferring in good faith, the Parties are unable to agree on relief. Accordingly, Defendants John B. Scott, in his official capacity as the Secretary of State of the State of Texas,

and Jose A. Esparza, in his official capacity as the Deputy Secretary of State of the State of Texas (collectively, "SOS Defendants"), file this brief in support of SOS Defendants' attached Proposed Order.

## I.      BACKGROUND AND PROPOSED ORDERS

On summary judgment, the Court decided overwhelmingly in favor of SOS Defendants. The Court did, however, conclude that the requirement that Plaintiffs submit paper petitions (in lieu of, or in addition to, a filing fee) violates Plaintiffs' fundamental rights (Dkt. 102 at 25-27).[1] Plaintiffs and SOS Defendants have exchanged proposed orders and conferred regarding the substance of those orders. SOS Defendants believe that their proposed order concisely and accurately effectuates the Court's ruling without attempting to "control" SOS Defendants.[2] Plaintiff's proposed order, on the other hand, does the opposite and infringes on the SOS Defendants' discretion and sovereignty.

### A.  SOS Defendants' Proposed Order

SOS Defendants propose a simple order that is attached hereto as Exhibit 1. Based on the Court's Amended Order (Dkt. 102), SOS Defendants propose that the Court enjoin the Office of the Secretary of State from rejecting candidate petitions under Texas Election Code

[1] SOS Defendants would note that the Election Code does not prevent Plaintiffs from submitting petitions electronically. *See* Tex. Elec. Code § 141.040(c) ("An authority shall designate an e-mail address in the notice required by this section for the purpose of filing an application for a place on the ballot under Section 143.004."); *see also id.* § 1.007(c) ("A delivery, submission, or filing of a document or paper under this code may be made by personal delivery, mail, telephonic facsimile machine, e-mail, or any other method of transmission."). The Secretary of State provides Plaintiffs' the opportunity to file applications with accompanying petitions via email, regardless of party affiliation, in accordance with statute. SOS does, however, currently require all nominating petitions (regardless again of party affiliations) to be signed on paper in the presence of a circulator in accordance with Tex. Elec. Code §§ 141.063-141.065.

[2] While SOS agrees with the form of its proposed order, SOS respectfully disagrees with the portion of the Court's decision on the merits that invalidates the Texas Election Code provisions that require paper petitions. Thus, the SOS Defendants submit their proposed order solely in compliance with the Court's directive and without waiving (or otherwise impacting) their right to appeal the Court's final judgment.

Chapters 141, 142, 181, 192, and 202 on the basis that such petitions were signed using an electronic stylus, or on the basis that such petitions were submitted by electronic means, such as electronic mail.

### B.  Plaintiffs' Proposed Order

Plaintiffs' Proposed Order (Exhibit 2) is a different matter altogether.  It is similar to SOS Defendants' insofar as it enjoins SOS Defendants from enforcing any provision of the Election Code requiring "paper nomination petitions or a paper nomination petitioning, verification, or submission process." Exhibit 2.   But Plaintiffs' Proposed Order goes far beyond that, eventually forcing SOS Defendants to adopt new policies and procedures regarding the implementation of electronically signed and transmitted candidate petitions.  For the following reasons, DOS Defendants oppose Plaintiffs' proposed order.

### II.     ARGUMENT

SOS Defendants' proposed relief succinctly effectuates the Court's Order.  In contrast, Plaintiffs' proposed relief is improper for two reasons.  First, it seeks to "control" SOS Defendants in direct violation of *Ex Parte Young*, 209 U.S. 123 (1908).  Second, even if Plaintiffs' Proposed Order did not violate *Young* and its progeny, SOS Defendants would commit an impermissible *ultra vires* act if they were to comply with Plaintiffs' order.

### A.  SOS Defendants' Proposed Order Effectuates the Court's Order

SOS Defendants have proposed a straightforward order that implements the Court's will.  It recognizes the Court's finding that the State's paper petition procedures violate a fundamental right of the Plaintiffs,[3] and it enjoins SOS Defendants from enforcing the

---

[3] A finding with which SOS Defendants respectfully disagree.

portions of the Election Code that require such petitions for third party and independent candidates. *See* Exhibit 1. The Court has the power to enjoin enforcement of a statute it deems unconstitutional. *See Marbury v. Madison*, 5 U.S. 137, 180 (1803). But the Court's power ends there. As discussed below, the Court may not "substitute its own discretion" into matters where SOS Defendants have discretion—much less where the Legislature has afforded neither discretionary nor ministerial authority to SOS Defendants—such as the adoption and implementation of alternate procedures. *See Board of Liquidation v. McComb*, 92 U.S. 531, 541(1875); *see also Young* 209 U.S. at 158 (noting that "[t]here is no doubt that the court cannot control the exercise of the discretion of an officer"); *Vann v. Kempthorne*, 534 F.3d 731, 753 (D.C. Cir. 2008) (holding that an attempt to control the discretionary act of an officer is impermissible).

## B.    Plaintiffs' Proposed Order Seeks to Control SOS Defendants

*Young* forbids the courts from controlling public officials. *Young*, 209 U.S. at 158; *see also Richardson v. Hughs*, 978 F.3d 220, 242 (5th Cir. 2020) (citing *Vann*, 534 F.3d at 753). To do so is a violation of sovereign immunity. *Vann*, 534 F.3d at 753. While a court can certainly enjoin enforcement of a state law that violates the Constitution, it cannot affirmatively direct an official to perform a discretionary act. *Compare Marbury v. Madison*, 5 U.S. 137, 180 (1803) ("a law repugnant to the Constitution is void"), *with Vann*, 534 F.3d at 753 (prohibiting a Court from compelling officers to perform discretionary functions). A court may "only direct affirmative action where the officer having some duty to perform not involving discretion, but merely ministerial in its nature, refuses or neglects to take such action. In that case the court

4

can direct the defendant to perform this merely ministerial duty." *Young*, 209 U.S. at 158 (citing *Board of Liquidation v. McComb*, 92 U.S. at 541).

The distinction between a discretionary act and a ministerial duty is an important one. The Fifth Circuit, in applying Texas law, has defined a discretionary action as one which "involves personal deliberation, decision, and judgment[.]" *Hill v. City of Houston*, 235 F.3d 1339 (Table) 2000 WL 1672664, at *10 (5th Cir. 2000) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). Conversely, a ministerial duty is one which "require[s] obedience to orders or the performance of a duty to which an actor has no choice[.]" *Id.* (citing *Chambers*, 883 S.W.2d at 654).

Plaintiffs' Proposed Order commands SOS Defendants to perform acts that are not ministerial[4] and are thus outside of the Court's power. It provides, in relevant part, that the Parties will confer and identify alternatives to Texas's paper petition process. After the Parties confer on this matter, they must either: 1) file a joint proposed order providing for the implementation of an alternate process; or 2) file additional briefing on why the parties cannot come to an agreement. Exhibit 2. The process Plaintiffs' Proposed Order contemplates is inherent to the Legislature, not an executive agency bereft of statutory authority to undertake such consideration, identification, and adoption.

A court order requiring SOS Defendants to implement alternative procedures would violate *Young* and its progeny. SOS Defendants have no affirmative statutory duty—much less authority—to implement such a procedure. The Secretary of State is the Chief Election Officer for the state and can enact certain rules relating to election policies and procedures.

---

[4] For the reasons set forth in below in subsection II.C., SOS Defendants' do not even have discretion to perform the acts required in Plaintiffs' proposed relief.

5

Tex. Elec. Code § 31.001.   But SOS Defendants' power to adopt rules and prescribe procedures is not ministerial—SOS Defendants have no statutory or Constitutional mandate to establish alternative petitioning procedures for Plaintiffs. Thus it is beyond the Court's power to order SOS Defendants to implement additional rules or procedures.   Any attempt to do so "would place the court on the wrong side of the line thought to divide 'discretionary' from 'ministerial' functions." *Vann* 534 F.3d at 753 (quoting *Hagood v. Southern*, 117 U.S. 52, 69 (1886) ("[A] court cannot substitute its own discretion for that of executive officers in matters belonging to the proper jurisdiction of the latter")).

### C. Plaintiffs' Proposed Order Compels SOS Defendants to Perform an Impermissible *Ultra Vires Act*

Plaintiffs' Proposed Order not only exceeds the power of the Court, but it also instructs SOS Defendants to adopt procedures for which they have no statutory grant of authority from the Legislature.  Put in another way, it compels SOS Defendants to commit an *ultra vires* act.

The Texas Secretary of State enjoys certain powers recognized in the Texas Constitution and granted by the Texas Legislature.  For example, the Secretary may adopt rules to implement the federal Help America Vote Act (HAVA).  Tex. Elec. Code § 31.010.  But SOS Defendants' powers are limited to those set forth in the Texas Constitution or state law. Were the SOS Defendants, or any state official for that matter, to take affirmative action outside of their explicit grant of authority, they would be committing an impermissible *ultra vires* act.  An official commits an *ultra vires* act and thus acts without legal authority when he "exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Houston Belt and Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016).  And indeed, though the Legislature has afforded *some* power to the Secretary of State to adopt rules and procedures

relating to elections, nowhere in the Election Code does the Legislature grant any authority to SOS Defendants to adopt alternative procedures relating to candidate petitions. Instead, the Legislature has retained that authority and prescribed all procedures in Chapter 141, Subchapter C of the Election Code. *See generally* Tex. Elec. Code §§ 141.061-141.070.

Plaintiffs' Proposed Order mandates adoption of procedures SOS Defendants may not lawfully adopt. It would therefore be impermissible for this Court to order such relief, on the grounds that such an order inherently conflicts with state law and the powers of the Office of the Secretary of State.

## III.   CONCLUSION

SOS Defendants' Proposed Order accurately and succinctly effectuates the Court's will without exceeding the Court's jurisdiction. Because the Court has determined that the portions of the Texas Election Code relating to paper petitions violate Plaintiffs' rights insofar as they bar electronic signature and electronic submission methods, the proper remedy would be for the Court to enjoin SOS Defendants from enforcing these portions of the Code. *See Young*, 209 U.S. 123 at 163 ("The difference between the power to enjoin an individual from doing certain things, and the power to enjoin courts from proceeding in their own way to exercise jurisdiction is plain, and no power to do the latter exists because of a power to do the former."). Plaintiffs' Proposed Order would go significantly further and would require SOS Defendants to perform non-ministerial acts in clear violation of *Young. Id.* Moreover, were SOS Defendants to perform such action that is laid out in Plaintiffs' Proposed Order, it would constitute an impermissible *ultra vires* act because SOS Defendants have no legislative grant of authority to adopt such procedures. And therefore, for the foregoing reasons, SOS

Defendants respectfully request that the Court enter SOS Defendants' Proposed Order granting adequate relief to Plaintiffs.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief, General Litigation Division

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Texas Bar No. 24060998
**WILL WASSDORF**
Texas Bar No. 24103022
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
Tel: (512) 463-2120/Fax: (512) 320-0667
ryan.kercher@oag.texas.gov
william.wassdorf@oag.texas.gov
*Attorney for Defendants*

**Certificate of Conference**

I certify that on October 3,4, 12, & 13, I conferred with Oliver Hall, counsel for Plaintiffs, regarding the instant motion. Mr. Hall indicated Plaintiffs opposed the relief sought herein.

*/s/ Ryan G. Kercher*
Ryan G. Kercher
Assistant Attorney General

9

**Certificate of Service**

    I certify that that on October 21, 2022 this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

                              */s/ Ryan G. Kercher*
                              Ryan G. Kercher
                              Assistant Attorney General