# EXHIBIT 2

## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| MARK MILLER, SCOTT COPELAND, <br> LAURA PALMER, TOM KLEVEN, <br> ANDY PRIOR, AMERICA'S PARTY OF <br> TEXAS, CONSTITUTION PARTY OF TEXAS, <br> GREEN PARTY OF TEXAS and <br> LIBERTARIAN PARTY OF TEXAS, <br><br> *Plaintiffs*, <br><br> v. <br><br> 00700-RP <br><br> RUTH R. HUGHS, in her official capacity as the <br> Secretary of State of the State of Texas, and <br> JOSE A. "JOE" ESPARZA, in his official capacity as the <br> Deputy Secretary of State of the State of Texas, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil   No.   1:19-cv- <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **[PROPOSED] ORDER**

Plaintiffs Mark Miller, Scott Copeland, Laura Palmer, Tom Kleven, Andy Prior, America's Party of Texas, Constitution Party of Texas, Green Party of Texas, and Libertarian Party of Texas (collectively, "Plaintiffs") challenge the constitutionality of several Texas Election Code provisions as applied to minor political parties and independent candidates. On October 4, 2022, the Court entered an Amended Order (Dkt. 102) granting in part and denying in part Plaintiffs' Motion for Summary Judgment (Dkt. 57), and granting in part and denying in part the Motion for Summary Judgment (Dkt. 58) filed by Defendants Ruth R. Hughs, Secretary of State of the State of Texas, and Jose A. Esparza, Deputy Secretary of the State of Texas (together, "Defendants"). In particular, the Court upheld the constitutionality of the challenged provisions except that the

Court held the provisions unconstitutional insofar as they require the use of paper nomination petitions or a paper petitioning process. Pursuant to that holding, it is ORDERED:

1.    Defendants are ENJOINED from enforcing against Plaintiffs any provision of the Texas Election Code insofar as such provision contemplates, impliedly relies upon, or requires paper nomination petitions or a paper nomination petitioning, verification, or submission process.

2.    The Texas Election Code shall otherwise remain in full force and effect and Defendants shall enforce each of its provisions to the extent authorized therein.

3.    The parties shall meaningfully confer in an effort to identify and evaluate alternatives to the paper nomination petition process that satisfy the following criteria:

    a.    The process enables nomination petitions to be signed from any internet-connected device;

    b.    The process enables nomination petitions to be signed using internet-connected portable tablets;

    c.    The process is integrated with the registered voter database maintained by the Secretary of State and enables validation of signatures in real time;

    d.    The process is secure;

    e.    The process is cost-efficient and generates savings by eliminating the need for the Secretary of State to dedicate funds and resources to the validation of nomination petitions.

4.    Within 90 days of the date of this order, the parties shall submit a joint status report to the Court detailing their findings and conclusions with respect to alternative nomination petition procedures. The status report shall: (1) identify each alternative process considered; (2) analyze the advantages and disadvantages, if any, of each process; (3) analyze the feasibility of adopting

and implementing each process; and (4) identify the cost of implementing each process and estimate the savings that adoption of each process will generate.

5.      Following submission of their joint status report, the parties shall meaningfully confer regarding its findings and conclusions. Within 14 days of the date on which the parties submit their joint status report, the parties shall file a joint proposed order providing for the adoption and implementation of an alternative to Texas's paper nomination petition process. If the parties are unable to agree upon an alternative process, the parties shall file simultaneous briefs of no more than ten pages within 28 days of the date on which Defendants file their status report. If the parties file briefs, the parties also shall attach a proposed order.

6.      The Court retains jurisdiction over this matter to enforce this order and to enter further relief as necessary and appropriate.

**SIGNED** on _____.


_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3