IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK MILLER, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:19-CV-700-RP |
| JANE NELSON, *in her official capacity as the Secretary of State of the State of Texas,* and JOSE A. ESPARZA, *in his official capacity as the Deputy Secretary of the State of Texas*, | § § § § § § | |
| Defendants. | § § | |

## **PERMANENT INJUNCTION AND DECLARATORY JUDGMENT**

On July 11, 2019, Plaintiffs Mark Miller, Scott Copeland, Laura Palmer, Tom Kleven, Andy Prior, America's Party of Texas, Constitution Party of Texas, Green Party of Texas, and Libertarian Party of Texas's (collectively, "Plaintiffs") filed this lawsuit, (Dkt. 1), against Defendants Jane Nelson, in her official capacity as the Secretary of State of the State of Texas, and Jose A. Esparza, in his official capacity as the Deputy Secretary of the State of Texas's (the "Secretary of State" or "Defendants"), requesting relief, including:

1. Enter a declaratory judgment holding that Texas's statutory scheme regulating ballot access for parties that do not nominate by primary election is unconstitutional as applied to Plaintiffs, and that the following statutory provisions are unconstitutional as applied in conjunction with one another: §§ 141.063; 141.041; 141.064; 141.065; 141.066(a),(c); 162.001, 162.003, 162.012, 162.014; 181.0041; 181.005(a),(b); 181.006(a),(b),(f)-(j); 181.007(b); 181.031; 181.032; 181.033;

2. Enter a declaratory judgment holding that Texas's statutory scheme regulating ballot access for Independent candidates is unconstitutional as applied to Plaintiffs, and that the following statutory provisions are unconstitutional as applied in conjunction with one another: §§ 141.063; 141.064; 141.065; 142.002; 142.006; 142.007; 142.008; 142.009; 142.010(b); 192.032(a)-(d),(f),(g); 202.007;

3. Enter an order enjoining the Secretary of State from enforcing the challenged provisions as applied to Plaintiffs.

1

(Am. Compl., Dkt. 14, at 30). To resolve the dispute, the parties filed cross motions for summary judgment, (Dkts. 57, 58), and the Court issued its Order granting in part and denying in part Plaintiffs' motion for summary judgment and granting in part and denying in part Defendants' motion for summary judgment. (Dkt. 102). The parties filed additional briefing regarding the relief to be entered, (Dkts. 103, 104), and the Court entered an order relating to that briefing on this date. The Court now enters the following relief.

**IT IS ORDERED** that the Court **DECLARES** that the challenged provisions of Chapters 141, 142, 162, 181, and 202 of the Texas Election Code that regulate the paper nomination petition process, as described in the Court's Order at Dkt. 102, are unconstitutional as applied to Plaintiffs because (1) Defendants failed to show there is a connection between the burdens imposed by the paper nomination petition process and Defendants' stated interest to help avoid voter confusion, ballot overcrowding, and frivolous candidacies and (2) the paper nomination petition process, as opposed to an electronic process, imposes an unequal burden on Plaintiffs.

**IT IS FURTHER ORDERED** that Defendants are **ENJOINED** from enforcing against Plaintiffs any provision of Chapters 141, 142, 162, 181, and 202 of the Texas Election Code that contemplates, relies upon, or requires paper nomination petitions or a paper nomination petitioning, verification, or submission process.

As nothing remains to resolve, the Court renders Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED** that this case is **CLOSED**.

**SIGNED** on June 26, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE