IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARK MILLER, *et al.*,                                          §
                                                               §
                    Plaintiffs,                                §
                                                               §
v.                                                             §                    1:19-CV-700-RP
                                                               §
JANE NELSON, *in her official capacity as the*                 §
*Secretary of State of the State of Texas,* and                §
JOSE A. ESPARZA, *in his official capacity as the*             §
*Deputy Secretary of the State of Texas*,                      §
                                                               §
                    Defendants.                                §

## ORDER

Before the Court are Plaintiffs Mark Miller, Scott Copeland, Laura Palmer, Tom Kleven,

Andy Prior, America's Party of Texas, Constitution Party of Texas, Green Party of Texas, and

Libertarian Party of Texas's (collectively, "Plaintiffs") Proposed Order and Supporting Brief, (Dkts.

104, 104-1), and Defendants Jane Nelson, in her official capacity as the Secretary of State of the

State of Texas, and Jose A. Esparza, in his official capacity as the Deputy Secretary of the State of

Texas's (the "Secretary of State" or "Defendants") Proposed Order and Supporting Brief, (Dkt.

103).

### I. BACKGROUND

When the Court resolved the parties' cross-motions for summary judgment, (Dkts. 57, 58),

the Court granted in part and denied in part Plaintiffs' motion for summary judgment and granted in

part and denied in part Defendants' motion for summary judgment. (Dkt. 102). Specifically, the

Court held that (1) Defendants failed to show there is a connection between the burdens imposed

on Plaintiffs by the paper nomination petition process set out in the challenged provisions and

Defendants' stated interest to help avoid voter confusion, ballot overcrowding, and frivolous

candidacies and (2) the challenged provisions, to the extent they require a paper petitioning process,

impose unequal burdens on Plaintiffs in violation of the Equal Protection Clause. (*Id.* at 27). The

Court instructed the parties to confer and attempt to reach an agreement on the relief to be entered.

(*Id.* at 27–28). The parties conferred but failed to reach an agreement. (Dkt. 103, at 1; Dkt. 104, at 7).

## II. DISCUSSION

Having been unable to reach agreement, the parties submitted competing proposed orders,

and briefs in support, for the Court's consideration. Plaintiffs propose:

1. Defendants are ENJOINED from enforcing against Plaintiffs any provision of the Texas Election Code Chapters 141, 142, 162, 181 and 202 insofar as any such provision imposes any Unconstitutional Burden or contemplates, relies upon, or requires paper nomination petitions or a paper nomination petitioning, verification, or submission process.

2. The Texas Election Code shall otherwise remain in full force and effect and Defendants shall enforce each of its provisions to the extent authorized therein.

3. The Court retains jurisdiction over this matter to enforce this order and to enter further relief as necessary and appropriate.

(Dkt. 104-1). While the first paragraph of the proposal generally captures the Court's holdings, it

includes one phrase that is too broad: "insofar as any such provision imposes *any* Unconstitutional

Burden." (*Id.*) (emphasis added). The Court rejects that portion of Plaintiffs' proposed language as

reaching beyond the Court's opinion. The Court finds paragraphs two and three unnecessary.

Defendants propose: "The Court ENJOINS defendants from rejecting ballot-access

petitions under Texas Election Code Chapters 141, 142, 181, 192, and 202 on the basis that such

petitions were signed using an electronic stylus, or on the basis that such petitions were submitted by

electronic means, such as electronic mail." (Dkt. 103-1). The Court finds Defendants' proposal too

narrow. It does not reflect the holdings of this Court that the challenged provisions are

constitutionally problematic to the extent they require paper petitions and impose unequal burden

on Plaintiffs by imposing a paper petitioning process. Preventing the Secretary of State from

rejecting signatures by "electronic stylus" or petitions that are submitted by email would provide only a partial remedy.

Despite those differences, Defendants admit that Plaintiffs' proposed order "is similar to [Defendants' proposed order] insofar as it enjoins [Defendants] from enforcing any provision of the Election Code requiring 'paper nomination petition or a paper nomination petitioning, verification, or submission process.'" (*Id.* at 3). What Defendants object to in their brief is additional language proposed by Plaintiffs when the parties met and conferred that "forc[es]" the Secretary of State to "adopt new policies and procedures regarding the implementation of electronically signed and transmitted candidate petitions." (*Id.*). That first proposal set out a long and detailed process for the parties and the Court to commence regarding the Secretary of State's implementation of an alternative system to the paper petitioning process. (*See* Dkt. 103-2). Plaintiffs later abandoned that approach. As Plaintiffs clarified in their brief, the proposed order Plaintiffs submitted to the Court is "consistent with Plaintiffs' most recent offer to Defendants in that it does not grant affirmative relief." (Dkt. 104, at 7). Plaintiffs' current proposal—and the proposal before the Court—avoids the issues highlighted by Defendants in their brief.

The Court is satisfied that Plaintiffs' proposed language, with revisions that narrow its scope, better aligns with the Court's intent. Accordingly, to effectuate the Court's holdings in its Order at Dkt. 102, the Court will adopt Plaintiffs' proposed language, with modifications, in a separate order rendering final judgment and entering the permanent injunction.

**SIGNED** on June 26, 2023.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE