IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARK MILLER, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) 1:19-CV-700-RP |
| JANE NELSON, *in her official capacity as the Secretary of State of the State of Texas*, and JOSE A. ESPARZA, *in his official capacity as the Deputy Secretary of the State of Texas*, | ) |
| Defendants. | ) |

# DEFENDANTS' MOTION TO STAY PENDING APPEAL

ANGELA COLMENERO
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Acting Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division

RYAN G. KERCHER
Attorney-in-Charge
Texas Bar No. 24060998
Deputy Chief, General Litigation Division
ryan.kercher@oag.texas.gov

WILL WASSDORF
Texas Bar No. 24103022
Assistant Attorney General
william.wassdorf@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548
(512) 463-4651 | (512) 320-0667 (FAX)

*Attorney for SOS Defendants*

CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 1 |
| III. | ARGUMENT | 2 |
| | A. SOS Defendants are likely to succeed on appeal because the challenged provisions are constitutional. | 2 |
| | B. SOS Defendants, along with the entire Texas election system, will be irreparably harmed by the premature enforcement of the Court's order. | 5 |
| | C. Plaintiffs will not be injured by a stay of the injunction because the enjoined requirements apply equally to major parties and third parties. | 5 |
| | D. A smooth and efficient election process is in the best interest of the public. | 7 |
| IV. | CONCLUSION AND PRAYER | 7 |

Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), and for the reasons outlined below, Defendants Jane Nelson, in her official capacity as Secretary of State of the State of Texas, and Jose A. Esparza, in his official capacity as Deputy Secretary of State of the State of Texas, (collectively the SOS Defendants) move this Court to stay all granted injunctive relief in this case pending SOS Defendants' appeal to the United States Court of Appeals for the Fifth Circuit.

## I.  INTRODUCTION

On October 4, 2022, this Court considered cross motions for summary judgment filed by the Parties. On summary judgment, the Court decided overwhelmingly in favor of SOS Defendants. But in doing so, conclude that the requirement that Plaintiffs submit paper petitions (in lieu of, or in addition to, a filing fee) violates Plaintiffs' fundamental rights (Dkt. 102 at 25-27). The Court subsequently issued a final order enjoining SOS Defendants from enforcing "any provision of the Texas Election Code Chapters 141, 142, 162, 181 and 202 insofar as any such provision imposes any Unconstitutional Burden or contemplates, relies upon, or requires paper nomination petitions or a paper nomination petitioning, verification, or submission process." (Dkt. 107 at 2).

Given the wide-reaching and irreparable impact that this order will have on the 2024 election cycle, SOS Defendants respectfully request a stay of the injunction until the matter is decided by the Fifth Circuit.

## II.  LEGAL STANDARD

"A party must ordinarily move first in the district court for…a stay of the judgment or order of a district court pending appeal." FED. R. APP. P. 8(a)(1)(A). A stay pending appeal maintains the status quo to allow appellate courts to bring "considered judgment" to a case. *Texas All. for Retired Americans v. Hughs*, 976 F.3d 564, 566 (5th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S.

1

418, 427, 429 (2009)).  When considering a stay pending appeal, the Fifth Circuit considers the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken*, 556 U.S. at 426,); *see also Hughs*, 976 F.3d 564 at 566.  The first two factors, namely whether the appellant is likely to succeed on the merits and whether the appellant to suffer irreparable harm, are the "most critical." *See Hughs*, 976 F.3d 564 at 566 (quoting *Nken,* 556 U.S. at 434*)*.  Each of the foregoing factors weighs heavily in favor of SOS Defendants, and thus the Court should grant a stay pending the decision of the Circuit Court.

### III.   ARGUMENT

**A.    SOS Defendants are likely to succeed on appeal because the challenged provisions are constitutional.**

This Court has ruled that:

> (1) Defendants failed to show there is a connection between the burdens imposed on Plaintiffs by the paper nomination petition process set out in the challenged provisions and Defendants' stated interest to help avoid voter confusion, ballot overcrowding, and frivolous candidacies and (2) the challenged provisions, to the extent they require a paper petitioning process, impose unequal burdens on Plaintiffs in violation of the Equal Protection Clause.

(Dkt. 107 at 2).  Both conclusion in the order deal specifically with the requirement tha ballot access signatures be on paper.  SOS Defendants respectfully disagree with both conclusions by the Court.

The framework for examining ballot access laws is well-settled. "In the Fifth Circuit, the proper test for [evaluating] the constitutionality of" ballot-access laws "is the *Anderson/Burdick* Test." *Meyer v. Texas,* Civ. No. H-10-3860, 2011 WL 1806524, at *3 (S. D. Tex. May 11, 2011)

(citations omitted).  Under the *Anderson/Burdick* standard, "[a] court considering a challenge to a state election law must weigh the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments against the precise interests put forward by the State as justifications for the burden imposed by its rule." *Tex. Indep. Party v. Kirk*, 84 F.3d at 182 (citing *Burdick v. Takushi,* 504 U.S. at 434; *Anderson v. Celebrezze,* 460 U.S. at 789). "The rigorousness of the inquiry into the propriety of the state election law depends upon the extent to which the challenged regulation burdens First and Fourteenth Amendment rights." *Id.* (citing *Burdick,* 504 U.S. at 434). Provisions that "impose 'severe restrictions' . . . must be 'narrowly drawn' and support 'compelling' state interests, whereas 'reasonable, nondiscriminatory restrictions' require only 'important regulatory interests' to pass constitutional muster." *Meyer v. Texas*, 2011 WL 1806524, at *3 (quoting *Burdick,* 504 U.S. at 434)*.*

Turning first to the Court's assertion that SOS Defendants have failed to show a connection between the alleged burden caused by the paper nomination process and SOS Defendants stated interests, DOS Defendants would respectfully disagree.

The State, and by extension SOS Defendants, have a vested interest in avoiding voter confusion, ballot overcrowding, and frivolous candidacies. *Jenness v. Fortson*, 403 U.S. 431, 442 (1971).  Those interests tie directly into SOS Defendants' paper petition requirements.  Such requirements provide a static set of rules for petitions that are applicable to all candidates that are required or choose to submit a ballot access petition.[1]  Avoiding unverifiable digital signatures will undoubtedly alleviate voter confusion and strengthen the security and efficiency of our elections.

---

[1] Major Party and Third Party Candidates may choose between acquiring signatures on a petition or paying a filing fee, whereas Independent Candidates are required to submit both.

Nor does the paper petition process violate the equal protection clause. Plaintiff contends that it puts an unequal burden on Third Party and Independent Candidates by creating a *de facto* financial barrier. (Dkt. 58 at 12). But that contention is misplaced. Plaintiffs, as well as other Third Party Candidates for office, can seek out signatures for a ballot petition. And there is no requirement that nominating petitions be completed via paid petition circulators. Plaintiffs are free to utilize any qualified individual to circulate petitions. The Supreme Court has acknowledged that "[e]ven in this day of high-budget political campaigns some candidates have demonstrated that direct contact with thousands of voters by 'walking tours' is a route to success." *Lubin v. Panish*, 415 U.S. 709, 717 (1974)).

Even if allowing a digital petition process, as opposed to the required "wet ink" signature, Plaintiff's petition circulators must comply with certain requirements, including witnessing each signature. *See* TEX. ELEC. CODE § 141.064. Such requirements render plaintiff's alleged harm to a minimum—they would still be required to circulate a petition in person.

Lastly, the Court notes that the unequal burden allegedly levied on the Plaintiffs is that Major Parties can submit ballot applications electronically, whereas third parties cannot. (Dkt. 102 at 26). No law prevents Third Parties from *submitting* applications electronically; instead, the Election Code simply prevents individuals from collecting signatures electronically. Such requirements apply across political parties—neither Major nor Third Parties can collect digital signatures, but both may submit their respective applications, including their petitions, electronically.

For the foregoing reasons, Plaintiffs' arguments regarding the constitutionality of the wet ink requirement for ballot access petitions fails, and SOS Defendants are likely to succeed on appeal.

**B.     SOS Defendants, along with the entire Texas election system, will be irreparably harmed by the premature enforcement of the Court's order.**

The second factor, whether the appellant will be irreparably injured if the injunction is not stayed, cuts heavily in favor of the SOS Defendants. "When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott,* 734 F.3d 406, 419 (5th Cir.2013); *see also Veasey v. Perry,* 769 F.3d 890, 895 (5th Cir. 2014); *Texas All. for Retired Americans v. Hughs*, 976 F.3d 564, 569 (5th Cir. 2020). And applied to the context of an ongoing election cycle, the State would most certainly be irreparably harmed if it was unable to enforce its voting laws. If this Court's holding is reversed, the State cannot then redo its electoral process using different rules. Put simply what is done cannot be undone.[2] For that reason SOS Defendants will be irreparably harmed.

**C.     Plaintiffs will not be injured by a stay of the injunction because the enjoined requirements apply equally to major parties and third parties.**

The harm that Plaintiffs may experience is minimal, and possibly even nonexistent, if the Court grants this stay. This Court's order and subsequent injunction is relatively narrow and applies only to "Chapters 141, 142, 162, 181 and 202 insofar as any such provision imposes any Unconstitutional Burden or contemplates, relies upon, or requires paper nomination petitions or a paper nomination petitioning, verification, or submission process." (Dkt. 107 at 2).

To the extent any Plaintiff runs or intends to run as a Third Party Candidate is harmed, that harm is minimal. There is no designated "start date" in the Election Code for Major and Third Party Candidates to begin collecting ballot access petition signatures. And many, if not all, Major

---

[2] This issue is made even more urgent because it does not simply alter an election-day regulation that may need to be enforced in November of 2024. Instead, the Court's order concerns the current and ongoing process of collecting ballot access petition signatures.

5

and Third Party Candidates choose to pay a filing fee in lieu of gathering signatures on a petition. But even if they did not pay a filing fee, these Plaintiffs, up until this injunction was issued, presumably would have been collecting ballot access petition signatures the old-fashioned way: with a pen and paper. Moreover, to date, no Libertarian or Green Party candidate has filed a petition. *See* Exhibit 1. By granting the SOS Defendants' requested stay, the Court would not impose a harm on the Plaintiffs; instead, it would simply retain the status quo. *See Nken,* 556 U.S. at 434 (noting that one of the main purposes of a stay pending appeal is to maintain status quo).

If Third Party candidates experience little harm from the proposed stay, Independent Candidates for office experience even less. Independent Candidates may not even begin collecting ballot signatures until after primary elections are held (or after the primary runoff election, if the office the independent candidate is seeking is involved in a primary runoff election). *See* TEX. ELEC. CODE § 142.009(1)-(2). The primary elections do not take place until March 5, 2024.[3] Thus, by the very nature of the Election Code, Independent Candidates do not experience any harm until at least the conclusion of the primary elections. But even then, the extent of their harm is practically the same[4] as it is for Major and Third Party candidates insofar as they must submit a paper petition instead of an electronic one. TEX. ELEC. CODE § 142.004(b).

This factor further weighs in favor of SOS Defendants when one considers it in conjunction with the first two factors. Plaintiffs cannot show that they would be significantly harmed by a stay pending appeal. But even if they could, SOS Defendants make a strong showing that they will succeed on appeal and that they will be irreparably harmed absent a stay. *See supra*, Section III.A.-

---

[3] Texas Secretary of State's website: https://www.sos.state.tx.us/elections/voter/important-election-dates.shtml#2024 (last visited July 26, 2023).
[4] Independent Candidates for office ***must*** submit a ballot access petition. TEX. ELEC. CODE § 142.004(b); *see also* TEX. ELEC. CODE § 141.062.

B. And because SOS Defendants make such a showing, it would overcome any harm that Plaintiffs may prove. *See Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013) (holding that even when the plaintiff made a strong showing that its interest would be harmed by a stay of an injunction, "given the State's likely success on the merits, [it] is not enough, standing alone, to outweigh the other factors.").

**D.     A smooth and efficient election process is in the best interest of the public.**

The last factor, that the public interest is best served by a stay of a judgment, also weighs in favor of the SOS Defendants. "When 'the State is the appealing party, its interest and [aforementioned] harm merge with that of the public.'" *Hughs*, 976 F.3d 564 at 569 (quoting *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017)). This notion, put in the context of election law, makes perfect sense. For those who participate in elections, both voters and candidates alike, trust in the process is of utmost importance. And for the public to trust the election process, the State needs to have concrete, static rules applicable across the board. Should the rules be changed in the middle of the process, it can create confusion and even chaos.

## IV.     CONCLUSION AND PRAYER

SOS Defendants request that the stay its injunction issued on June 26, 2023. Such an injunction will do irreparable harm to the State and its election process, and its stay would minimally impact the Plaintiffs in this case. That coupled with the SOS Defendants' showing of success on the merits, and a compelling public interest, show that a stay is warranted.

Respectfully submitted,

**ANGELA COLMENERO**
Provisional Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Interim Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

**RYAN KERCHER**
Deputy Chief, General Litigation Division


*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**
Texas Bar No. 24060998
Deputy Chief, General Litigation Division
ryan.kercher@oag.texas.gov

**WILL WASSDORF**
Texas Bar No. 24103022
Assistant Attorney General
william.wassdorf@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548
(512) 463-4651 | (512) 320-0667 (FAX)

***ATTORNEY FOR SOS DEFENDANTS***

8


## CERTIFICATE OF CONFERENCE

The undersigned contacted Plaintiffs' counsel to confer on the instant motion on July 26, 2023. Plaintiffs' counsel was unable to obtain a response prior to filing.

*/s/ Ryan G. Kercher*
Ryan G. Kercher
Deputy Chief, General Litigation Division

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2023, the foregoing Response in Opposition and Cross-Motion to Enforce was served via the electronic case filing system with the Court causing electronic service upon all counsel of record.

*/s/ Ryan G. Kercher*
Ryan G. Kercher
Deputy Chief, General Litigation Division